# UNITED STATES v. VOORHEES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF NEBRASKA.

No. 282. Argued April 18, 1890. — Decided May 19, 1890.

An extra allowance to a contractor for carrying the mails, under the provisions of Rev. Stat. § 3961, for an increase of expedition in carrying them, is not invalidated by reason of the fact that, prior to its allowance, the contractor was voluntarily carrying them over the route, with the increased expedition, and at the contract rate of pay.

United States v. Barlow, 132 U. S. 271, distinguished from this case.

THE case is stated in the opinion.

Mr. Assistant Attorney General Maury for the plaintiff in error.

Mr. John L. Webster for defendant in error.

MR. JUSTICE LAMAR delivered the opinion of the court.

This was an action at law brought in the court below by the United States against Luke Voorhees, to recover the sum of $14,342.52, alleged to have been illegally paid him for carrying the mails.

The amended petition, filed on the 13th of July, 1886, alleged substantially as follows: In the year 1878, a contract was entered into between the Postmaster General and the defendant, by the terms of which the latter agreed to carry the mails of the United States over route No. 35,040, from Fargo to Pembina, Dakota, and back, six times a week, on a schedule of 62 hours a trip, for the sum of $17,000 a year. On the 30th of July, 1878, by reason of certain requests and a petition obtained by the defendant and his agents and employés acting for him, representing that the business interests of the country along the route demanded the expediting of the schedule time to 40 hours, which were forwarded to the

Postmaster General by or at the solicitation of the defendant, an order was made by that officer, to take effect August 1, 1878, expediting the schedule and reducing the running time upon which the mail was required to be carried over that route to 43 hours in summer and 50 hours in winter, and allowing an additional sum therefor of $8500. So much of the aforesaid order as allowed the defendant the additional pay (which he afterwards received, from time to time) was made upon the basis of his sworn statement, as follows: "I hereby certify that it will take fifty per cent more men and horses to perform mail service on route 35,040 from Fargo to Pembina, on a reduced schedule from sixty-two hours to forty-three hours in summer and fifty hours in winter."

The petition then alleged that from the beginning of the mail service on the aforesaid route, under the defendant's contract, the mail was in fact carried over the route on a schedule of less than 43 hours, and was so being carried at the time the order expediting the service was made; that the defendant was engaged in running a line of stage coaches over the route and carried the mail upon his stages, upon a schedule of less than 43 hours, for his own convenience and advantage: and that no additional stock and carriers were employed or rendered necessary, over and above the number actually employed and used by the defendant in performing the service under the original contract, by reason of the order expediting the service as aforesaid, nor was the actual speed increased, but the defendant continued to carry the mails upon an actual schedule of less than 43 hours, just as he had done before.

It was then alleged that the extra allowance of $8500, made by the Postmaster General as aforesaid, was without authority of law, and was paid to defendant and received by him in violation of section 3961 of the Revised Statutes; and that the whole amount so paid to him, from time to time, between the first day of August, 1878, and the 9th day of July, 1881, was $14,342.52, for which sum, with interest at 6 per cent per annum from said last date, and also for costs, the plaintiff prayed judgment.

The defendant interposed a general demurrer, which was

sustained by the court in a judgment rendered November 1, 1886, and the United States thereupon sued out this writ of error.

The assignment of error is a general one, and is merely to the effect that the demurrer should have been overruled and judgment entered for the United States

The statutes relied upon to support a reversal of the judgment are sections 3961 and 4057 of the Revised Statutes.

They are as follows:

"Sec. 3961. No extra allowance shall be made for any increase of expedition in carrying the mail unless thereby the employment of additional stock and carriers is made necessary, and in such case the additional compensation shall bear no greater proportion to the additional stock and carriers necessarily employed than the compensation in the original contract bears to the stock and carriers necessarily employed in its execution."

., "Sec. 4057. In all cases where money has been paid out of the funds of the Post-Office Department under the pretence that service has been performed therefor, when, in fact, such service has not been performed, or as additional allowance for increased service actually rendered, when the additional allowance exceeds the sum which, according to law, might rightfully have been allowed therefor, and in all other cases where money of the Department has been paid to any person in consequence of fraudulent representations, or by the mistake, collusion, or misconduct of any officer or other employé in the postal service, the Postmaster General shall cause suit to be brought to recover such wrong or fraudulent payment or excess, with interest thereon."

. The case relied upon in support of the contention of the plaintiff in error is *United States* v. *Barlow,* 132 U. S. 271. That case is not in any of its features analogous to the one at bar. It was an action brought by the United States to recover from the defendants, sub-contractors for carrying the mails, moneys paid to them under a mistake caused by their false representations as to the service.

The court held that the action was maintainable upon two

grounds : (1) That the moneys sued for, at least that portion which could be recovered back, consisted of an additional allowance to the defendant of $15,994.77 each year, for an expedited service ordered by the Department upon a false estimate of the additional necessary expenses, which had been adopted and acted on, upon the false representations of the defendant, as to the additional number of men and animals required for such expedited service ; (2) That the moneys so allowed had been paid out of the funds of the Post-Office Department, under the pretence that service had been performed therefor, when, in fact, such service had not been performed.    After referring to sections 3961 and 4057 of the Revised Statutes, Mr. Justice Field, delivering the opinion of the court, said : " These sections would seem to cover the present case.    It cannot be pretended that the allowance for expediting the service over the new route was not made upon erroneous representations.    It is admitted that such was their character."    p. 279.    In another part of the opinion he said : " It appears that the sums thus allowed and paid to the sub-contractors for stock and carriers, which were never required and never employed, aggregated $59,592.98, constituting the principal item in the amount claimed in this action."    p. 275. The whole line of argument in the opinion, upon the facts there stated, is readily observed to be inapplicable to the facts alleged in the petition in this case.    In that case there was a pure mistake of fact upon which the post-office authorities acted, and there was also fraud upon the part of the contractor, in making the false statement that additional men and horses were necessary to perform the service on the expedited schedule.

In this case there is no allegation in the petition that the money sued for was allowed and paid under a mistake of fact on the part of the post-office authorities, in making the change of schedule.    Nor does the petition allege that any false statement or any erroneous representations were made on the part of the contractor, or that any sum was allowed and paid to the defendant, for men and horses never required and never employed.    His original contract was for a 62-hour schedule. The fact that he did perform the service on a schedule of 43

hours, as a matter of private enterprise for transporting express matter and passengers, as an accommodation to the people along the line, is not inconsistent with his sworn certificate "that it will take fifty per cent more men and horses to perform mail service . . . on a reduced schedule from sixty-two hours to forty-three hours in summer and fifty hours in winter." He was at liberty at any time to abandon his 43-hour schedule and adopt the 62-hour schedule named in his contract.

By the terms of section 3961 of the Revised Statutes increased compensation, or expedited service, is to be calculated upon the basis of the  ecessary men and stock required to perform the service under the original contract. It is not alleged that the defendant did not use 50 per cent more men and horses under the expedited schedule than was necessary in carrying the mails on a 62-hour schedule; nor is it alleged that the cost of the expedited service was excessive. We see no such false representations by the defendant, nor such mistake by the post-office, set forth in this petition, as would justify a recovery in this case, and the judgment of the court below sustaining the o emurrer is, therefore,

*Affirmed.*

Mr. Justice Field did not sit in this case or take any part in its decision.